UNITED STATES of America, Plaintiff–Appellee

v.

Welman ALVARENGA–HERNANDEZ, also known as Wellman Slvarenga, also known as Gwelman Alvarenza, Defendant–Appellant.

No. 07–40054
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

April 15, 2008.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before PRADO, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Welman Alvarenga–Hernandez (Alvarenga) appeals his sentence for illegal reen-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

try following deportation. Specifically, Alvarenga challenges the enhancement of his sentence based upon the district court's determination that his prior conviction for second degree assault is a crime of violence for purposes of U.S.S.G. § 2L1.2(b)(1)(C). Because he has been released from prison and deported to Mexico, his appeal of his sentence is moot. *See United States v. Rosenbaum–Alanis,* 483 F.3d 381, 383 (5th Cir.2007).

In light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Alvarenga challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *United States v. Pineda–Arrellano,* 492 F.3d 624, 625 (5th Cir.2007), *cert. denied,* — U.S. ——, 128 S.Ct. 872, 169 L.Ed.2d 737 (2008).

APPEAL DISMISSED IN PART; JUDGMENT AFFIRMED IN PART.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.